UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

BRITTANY CARVALHO,
        PLAINTIFF,
                                    CASE NUMBER: 2:17-CV-362-FTM-99CM

VS.

HOSPMAN, LLC,
a Florida Limited Liability Company,
        DEFENDANT.
_____/

## DEFENDANT, HOSPMAN, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO PLAINTIFF, BRITTANY CARVALHO

**COMES NOW**, Defendant, Hospman, LLC, by and through the undersigned Counsel, pursuant to Rule 26 and 34 of the Fed. R. Civ. Pro., and hereby requests that Plaintiff, BRITTANY CARVALHO, produce the following documents and electronically stored information at Kuhn Law Firm, P.A., 6720 Winkler Road, Fort Myers, FL 33919, within thirty (30) days of service hereof, or at some other time and place as mutually agreed upon between parties.

## I. DEFINITIONS AND INSTRUCTIONS:

1. The term "**Person**" means any natural person, any business entity (whether a corporation, partnership, or other business association), any government or political subdivision thereof, or governmental body, commission board, agency, bureau, or department.

2. The term "**you**" shall refer to BRITTANY CARVALHO, your agents, employees, attorneys, representatives, and all other persons acting on your behalf.

3.  The phrase **"subject matter of this lawsuit"** shall refer to any and all claims, defenses, pleadings, and other documents filed in CASE NUMBER: 2:17-cv-362-ftm-99CM.

4.  The terms "**document" or "documents**" mean the original and all copies thereof which are different in any way from the original (whether by interlineations, receipt stamps notation, indication of copies sent or received, or otherwise) and all attached or annexed materials to any written, typewritten, handwritten, printed, graphic, photographic or recorded material, as well as all computer data files, tapes, disks, inputs or outputs, and other computer-readable records or programs, transcripts and copies and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.  The terms "**document" or "documents**" shall specifically include, but not be limited to, correspondence, telegrams, facsimiles, telexes, memoranda, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, emails, studies, transcripts, indexes, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee minutes), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any contracts or agreements, and records of every kind and type, including any information formerly or presently kept by any method of electronic data processing or

magnetic tape storage medium, including the printed output of any such electronic data processing equipment or magnetically stored information.

5.  The term "**electronically stored information**" shall mean information stored on enumerable types of media regardless of the original format in which it was created including but not limited to electronic documents, databases, digital recordings, voicemail, electronic messages, etc.

6.  The term "**things**" means tangible or intangible property not otherwise defined as a document.

7.  The term "**copy**" when used in reference to a document means any color or black-and-white facsimile reproduction document, regardless of whether the facsimile reproduction is made by means of carbon paper, pressure sensitive paper, xerography or other means or process.

8.  The term "**correspondence**" means any writing, or oral conversation, including, but not limited to, telephone conversations and meetings, letters, facsimile, telegraphic, email, text messages, and telex communications.

9.  The term "**information**" means data of any kind recorded in any language, including machine language and recorded numerically, and in any form of expression.

10. The terms "**and**" and "**or**" shall be construed conjunctively rather than disjunctively, as is necessary to make each production request inclusive rather than exclusive.

11. The terms "**pertaining**" or "**relating**" means being associated, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with,

commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

12. The term "**produce**" means to make available the documents or things requested herein for inspection and copying, and to separate such documents into the categories set forth in this request.

13. The term "**work-papers**" refers to copies of source documents and copies of calculations used to determine the numbers placed on a specific document such as a profit and loss statement or a tax return.

14. A "**source document**" is a document that is used to determine information that is reported as a different document.  For example, a "source document" of an entry on a profit and loss statement would be a cancelled check or a bank deposit slip.

15. The term "**financial statement**" is a financial statement identifying intangible assets belonging to you.

16. The term "**control**" means the legal right, authority, or practical ability to obtain upon demand documents or things in possession of another source.  Stated another way, as long as a party has a legal right or ability to obtain documents or things from another source on demand, that party is deemed to have "control".  This applies even if the party does not have actual possession of the document or thing, does not have a copy of the document or thing, and regardless of whether the document or thing is beyond the jurisdiction of the court. Searock v. Stripling, 736 F.2d 650 (11th Cir. 1984).

17. The term "**another source**" as used in the definition of "control" includes, but is not limited to, current and former accountants; auditors; advisors; agents; attorneys;

banks; contractor for services; financial institutions; insurance companies; investment advisors; investment companies; and wholly owned subsidiaries. Platypus Wear v. Clarke Modet, 2007 Lexis 94327 (SD FL 2007); Jans v. The Gap Stores, 2006 Lexis 67266 (MD FLA 2006).

18. **Note:**  A party does not meet their discovery obligations by "figuratively throwing up its hands in a gesture of helplessness."  Otero v. George Vito DPM, 2006 Lexis 88464 (MD GA 2006).

19. Unless otherwise specified, all other capitalized terms appearing herein shall have the same meaning ascribed to them in the pleadings filed in this action.

20. To the extent that you consider any of the following requests or questions objectionable, respond to so much of each, and each part thereof, which is not objectionable in your view, and separately state that part of each which is objectionable and the ground for each objection.

21. To the extent that there are multiple document requests listed below that request documents that are being produced pursuant to a previous request, then for the duplicate request, produce only the documents referenced in that specific request that are not requested and are not being produced in a previous request for documents.

22. All produced documents should be referenced and divided in the order requested below.

23. Unless otherwise specified, the time period requested is from August 2011 to Present.

**II.   CLAIM OF PRIVILEGE:**

If you object to any discovery request on the basis of attorney-client, work-product, or any other privilege(s), state the privilege claimed, and identify the document or communication for which each such privilege is claimed, stating the following:

    **a.**  The date thereof;

    **b.**  The description of the document or communication protected, including the identity of all persons present, if an oral communication; or all persons who authored, transmitted or received a copy of such communication, and the number of pages, if written;

    **c.**  The subject matter of the document or communication; and

    **d.**  The basis on which the privilege is claimed.

## III. DOCUMENTS AND THINGS TO BE PRODUCED

1. A copy of the email chain between you and Mr. Pathirana relating to the subject matter of this lawsuit as identified by you in Claimant's Initial Disclosures dated October 19, 2017.

2. A copy of the email from Mr. Pathirana to all staff dated June 25, 2015, as identified by you in Claimant's Initial Disclosures dated October 19, 2017.

3. Any and all documents and electronically stored information in your possession, custody, or control relating or pertaining to damages incurred by you as identified in paragraph (iii) of Claimant's Initial Disclosures dated October 19, 2017.

4. Any and all documents and electronically stored information in your possession, custody, or control from January 1, 2015, to Present, relating or pertaining to charges filed by you against Defendant, Hospman, LLC, its agents, or employees, with the

Equal Employment Opportunity Commission or other Governmental Agency regarding violations of the Pregnancy Discrimination Act of 1978 or Family Medical Leave Act.

5.   Any and all documents and electronically stored information in your possession, custody, or control from January 1, 2015, to Present, relating or pertaining to Notices given by you to Defendant, Hospman, LLC, its agents, or employees, regarding any charges filed by you with the Equal Employment Opportunity Commission or other governmental agency for violations of the Pregnancy Discrimination Act of 1978 or Family Medical Leave Act.

6.   Any and all documents, correspondence, and electronically stored information in your possession, custody, or control from January 1, 2015, to Present, relating or pertaining to Notices, Requests for leave, and/or medical certifications provided by you to the Defendant, Hospman, LLC, its agents, or employees.

7.   Any and all documents, correspondence, and electronically stored information in your possession, custody, or control relating or pertaining to Defendant, Hospman, LLC's policies and procedures in place during the time period you were employed with the Defendant.

8.   Any and all documents, correspondence, and electronically stored information in your possession, custody, or control relating or pertaining to Defendant, Hospman, LLC's policies and procedures for management in place during the time period you were employed with the Defendant.

9.  A copy of any employee handbooks in your possession, custody, or control which were utilized by Defendant, Hospman, LLC, during your period of employment.

10. Any and all documents, correspondence, and electronically stored information in your possession, custody, or control relating or pertaining to your employment that you received from the Defendant during the time period that you were employed with the Defendant.

11. Any and all documents, correspondence, and electronically stored information in your possession, custody, or control relating or pertaining to your employment that you provided to the Defendant for employment purposes.

12. Any and all documents or electronically stored information in your possession, custody, or control relating or pertaining to your employment that you executed and returned to the Defendant during the time period that you were employed with the Defendant.

13. Any and all documents or correspondence in your possession, custody, or control from August 2011 to Present between you and Jose Carvalho relating or pertaining to the subject matter of this lawsuit.

14. Any and all documents or correspondence in your possession, custody, or control from August 2011 to Present between you and Jag Pathirana relating or pertaining to the subject matter of this lawsuit.

15. Any and all documents or correspondence in your possession, custody, or control from August 2011 to Present between you and Jessica Cooper relating or pertaining to the subject matter of this lawsuit.

16. Any and all documents, correspondence, and electronically stored information in your possession, custody, or control, between you and the Equal Employment Opportunity Commission or other governmental agency relating or pertaining to violations of the Pregnancy Discrimination Act of 1978 or Family Medical Leave Act.

17. Any and all documents or correspondence in your possession, custody, or control from August 2011 to Present between you and Defendant, Hospman, LLC, its agents, or employees, relating or pertaining to the subject matter of this lawsuit.

18. Any and all documents or correspondence in your possession, custody, or control from August 2011 to Present between you and any entities or persons not a party to this lawsuit, relating or pertaining to the subject matter of this lawsuit.

19. Any and all documents or correspondence in your possession, custody, or control from August 2011 to Present relating or pertaining to your work performance while employed with Defendant, Hospman, LLC.

20. Any and all documents, correspondence, and electronically stored information in your possession, custody, or control relating or pertaining to the allegations made by you in your Amended Complaint and Demand for Jury Trial filed August 3, 2017.

21. Any and all documents, correspondence, and electronically stored information in your possession, custody, or control that you will use to support any claims made by you in your in your Amended Complaint and Demand for Jury Trial filed August 3, 2017.

22. Any and all documents, correspondence, and electronically stored information in your possession, custody, or control that you will use to oppose any claims or defenses made by Defendant, Hospman, LLC, in Defendant, Hospman, LLC's Amended

Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Demand for Jury Trial filed October 31, 2017.

23. Any and all documents, correspondence, and electronically stored information in your possession, custody, or control that you will use for purposes of impeachment at hearing or trial in this lawsuit.

24. Copies of your tax returns from 2014 to present.

Dated this 28th day of November, 2017.

Respectfully submitted,

/s/ Christopher E. Hewitt
Christopher E. Hewitt, Esq.
Florida Bar Number: 0112017
KUHN LAW FIRM, P.A
6720 Winkler Road
Fort Myers, Florida 33919
Telephone: (239) 333-4529
Email: pleadings@kuhnlegal.com
Counsel for Defendant

**Certificate of Service**

I hereby certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: 11/28/2017                    /s/ Christopher E. Hewitt
                                      Counsel for Defendant

## <u>**Service List**</u>

*Attorneys for Plaintiff*
Jack C. Morgan III, Esq.
JMorgan@FloridaLegalRights.com
LClement@FloridaLegalRights.com
Aloia, Roland, Lubell & Morgan, PLLC
2254 1st Street
Fort Myers, FL 33901
Telephone: (239) 791-7950
Facsimile: (239) 791-7951


*Attorneys for Defendant*
Scott A. Kuhn, Esq.
pleadings@kuhnlegal.com
KUHN LAW FIRM, P.A
6720 Winkler Road
Fort Myers, Florida 33919
Telephone: (239) 333-4529