UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRITTANY CARVALHO,

    Plaintiff,

v.                                            Case No: 2:17-cv-362-FtM-99CM

HOSPMAN, LLC,

    Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's Motion to Compel Discovery (Doc. 49) filed on January 16, 2018. Defendant alleges that on October 19, 2017, Defendant requested Plaintiff to produce the documents identified in her Rule 26 disclosures, but she did not respond to the request. Doc. 49 at 2. On November 28, 2017, Defendant served its first request for production of documents on Plaintiff. *Id.* Defendant alleges Plaintiff did not respond to the request. *Id.* at 3. Although Defendant's counsel attempted to resolve the issues by conferring with Plaintiff's counsel, Plaintiff has not filed a response to Defendant's discovery request. *Id.* at 3-4. Accordingly, Defendant filed the present motion, seeking the Court to compel Plaintiff to respond to its first request for production of documents, sanction Plaintiff and award reasonable attorney's fees associated with this motion. *Id.* at 4. Plaintiff has not responded to the present motion. *See generally* docket.

Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party.

Fed. R. Civ. P. 34. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served, and "for each item or category, . . . must state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2). When a party fails to produce documents as requested under Rule 34, the party seeking the discovery may move to compel the discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv). Furthermore, if a party fails to respond in writing within the time permitted, "it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure." *Bailey v. City of Daytona Beach Shores*, 286 F.R.D. 625, 627 (M.D. Fla. 2012).

Upon a review of the request for production of documents, the Court finds the requested documents are relevant to this proceeding. Doc. 49-3. To the extent Plaintiff believes the request is objectionable, she waived her objections by not timely responding to Defendant's discovery request. *Bailey*, 286 F.R.D. at 627. Plaintiff further chose not to respond to the present motion, creating a presumption that the

motion is unopposed.  *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012).   As a result, the Court will grant Defendant's motion to compel and compel Plaintiff to produce any and all documents within her possession, custody or control in response to Defendant's First Request for Production of Documents and Electronically Stored Information to Plaintiff (Doc. 49-3).

Defendant also seeks attorney's fees and costs associated with bringing this motion.  Doc. 49 at 4.  Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel discovery is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in bringing the motion, including attorney's fees.[1]   Fed. R. Civ. P. 37(a)(5)(A).  When a party makes a claim for fees, it is the party's burden to establish entitlement and document the appropriate hours and hourly rate.  *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

---

[1] The court must not order the payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, counsel for Defendant alleges that although he attempted in good faith to resolve the disputes without the Court's intervention, Plaintiff has not responded to Defendant's discovery request, necessitating filing of the present motion. Doc. 49 at 1-4. Plaintiff also has not objected to Defendant's request for attorney's fees and costs, creating a presumption that the request is unopposed. *Great Am. Assur.*, 2012 WL 195526, at *3. Nonetheless, Defendant has not provided any documentation as to the amount of time expended on bringing the present motion or the hourly rate. Accordingly, Defendant's request for attorney's fees and costs is denied without prejudice. Defendant may file a renewed motion for attorney's fees and costs consistent with the directives in this Order, if it chooses to do so.

Lastly, the parties' mediation deadline was February 7, 2018. Doc. 42 at 1. The Court will direct the parties to file a mediation report concerning the outcome of the parties' mediation.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion to Compel Discovery (Doc. 49) is **GRANTED**.

2. **On or before March 1, 2018**, Plaintiff shall produce to produce any and all documents within her possession, custody or control in response to Defendant's First Request for Production of Documents and Electronically Stored Information to Plaintiff (Doc. 49-3).

3. If Plaintiff is unable to produce documents responsive to the request for production of documents (Doc. 49-3), she must explain to the Court why she is unable to provide them. **Failure to comply may result in sanctions**.

5. Defendant's Request for Attorney's Fees and Costs is **DENIED without prejudice.**

6. The parties shall have up to and including **February 21, 2018** to file a mediation report.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of February, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record